## BACKUS v. CLEAVELAND.

An existing claim against the estate of a deceased person, under such circumstances that the amount cannot be ascertained within the time limited by the Court of Probate for exhibiting the claims of creditors to such estate; such claim is not foreclosed, but may be exhibited and recovered afterwards, if the administrator have estate in his hands.

THIS was a *scire facias*, for the affirmance of a judgment against the defendant, as administrator on the estate of Aron Cleaveland.

The defendant pleaded, that the Court of Probate issued an order, that within a limited time all claims against said estate should be exhibited to the defendant, or be forever

barred; and that due notice thereof had been given to the plaintiff, but he did not exhibit his claim within the term limited.

The plaintiff replied, that he brought his writ of error against the intestate to the Superior Court, in March, 1785, and obtained a reversal of an erroneous judgment of the Court of Common Pleas. That the intestate then being in full life, entered his action in the docket of said Superior Court, which was continued till September, 1785. In April, 1785, the said Aron died; and at said September term, the defendant appeared and moved for leave to prosecute said action on the part of said deceased, which was allowed. Said cause was adjourned till December, 1785, when final judgment was rendered in favor of said Aron, deceased, for £49 6d. less than the sum of the former judgment rendered by the Court of Common Pleas, which had been reversed. Which sum was restored to the plaintiff as his damage by reason of said erroneous judgment, and which is the demand in question. That this demand could not have been exhibited within the time limited, because it was then pending in court; all which the defendant well knew. And that the defendant now holds in his hands estate of said deceased, much more than sufficient to discharge the present debt.

To this there was a demurrer, and joinder in demurrer — and the replication was adjudged sufficient: For,

By the whole Court. The amount of the plaintiff's claim against the estate of the deceased, could not be ascertained until the final judgment in the cause then pending before the Superior Court, as mentioned in the plaintiff's reply; which judgment was not rendered until after the expiration of the term limited by the Court of Probate, for exhibiting the claims of the creditors to said estate.    3 Wil-

son, 13, Chilton v. Whiffin; 2 Strange, 867, Tully v. Sparkes;. 2 Ld. Raym. 1546, 1570.

It appears by the pleadings, that the defendant well knew the demand that the plaintiff had against the estate, and the circumstances attending the same, and that he has sufficient estate of the deceased in his hands to discharge it: Therefore the plaintiff is not by law foreclosed from recovering his debt according to the true intent of the statute in that case provided. 2 Strange, 1043, Hockley v. Merry; 3 Wilson, 262, Goddard v. Vanderheyden.

N. B.— This judgment was afterwards affirmed in the Supreme Court of Errors.